**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 01-1157**

—————————

CISA Y. RILEY,

                                         Plaintiff - Appellant,

      versus

WILLIAM HENDERSON, Postmaster General, United
States Postal Service,

                                         Defendant - Appellee.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Chief District Judge. (CA-00-901)

—————————

Submitted:  June 29, 2001          Decided:  July 27, 2001

—————————

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Cisa Y. Riley, Appellant Pro Se.  Leslie Bonner McClendon, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cisa Y. Riley appeals the district court's order dismissing her claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court.[*] See Riley v. Henderson, No. CA-00-901 (E.D. Va. filed Jan. 4, 2001, entered Jan. 9, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent Riley claims the district court's order of summary judgment prevented her from completing discovery, because Riley failed to seek a continuance under Fed. R. Civ. P. 56(f), she cannot raise this claim on appeal. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). Additionally, in light of the nature of the district court's dismissal of Riley's claim, her assertion that the affirmative defense recognized by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998), is inapplicable in her action is moot.